UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**ALFRED L. FAVORS**                         **CIVIL ACTION NO. 3:13-cv-2603**
       **LA. DOC #131216**
**VS.**                                                **SECTION P**

                                                **JUDGE DONALD E. WALTER**
**FRANKLIN PARISH**
**DETENTION CENTER, ET AL.**          **MAGISTRATE JUDGE KAREN L. HAYES**

## REPORT AND RECOMMENDATION

Pro se plaintiff Alfred L. Favors, proceeding in forma pauperis, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on September 3, 2013. Plaintiff is an inmate in the custody of the Department of Corrections (DOC). He is incarcerated at the River Bend Detention Center (RBDC), Lake Providence, Louisiana, but he complains that he was denied treatment for cataracts by the defendants, the Medical Department at the Franklin Parish Detention Center (FPDC), and FPDC's Warden Chad Lee. He prayed for compensatory damages and surgery. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** as frivolous.

*Statement of the Case*

Plaintiff is an inmate in the custody of the DOC. On January 20, 2013, he requested examination and treatment for a cataract in his right eye. An appointment was made for him for August 19, 2013. On March 21, 2013, plaintiff was transferred to RBDC. On August 19 he was transported to the E.A. Conway Hospital in Monroe by RBDC personnel. Upon his arrival he was informed that the FPDC had cancelled his appointment.

*Law and Analysis*

*1. Screening*

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

*2. Defendants*

In addition to Warden Lee, plaintiff has sued the FPDC Medical Department. Fed. R. Civ. P. 17(b) provides that the "capacity to sue or be sued shall be determined by the law of the state in which the district court is held." Thus, Louisiana law governs whether an entity such as a department within a corrections facility has the capacity to be sued in this action. Under Louisiana law, to possess such a capacity, an entity must qualify as a "juridical person." This term is defined by the Louisiana Civil Code as "... an entity to which the law attributes

personality, such as a corporation or partnership." La. Civ.Code Ann. art. 24. It does not appear that the FPDC Medical Department is a juridical entity capable of being sued. Plaintiff's claims against this entity are frivolous.

### 3. Medical Care

Plaintiff is an inmate in the custody of the LDOC. He complains that the FPDC Medical Department, and Warden Chad Lee erroneously canceled his August 19, 2013, appointment.

The constitutional right of a convicted prisoner to prompt and adequate medical care is based upon the Eighth Amendment's prohibition of cruel and unusual punishment. In order to establish an actionable violation of the Eighth Amendment, the prisoner plaintiff must allege facts tending to establish that the defendants were deliberately indifferent to his serious medical needs and safety. *Thompson v. Upshur County, Texas*, 245 F.3d 447, 457 (5th Cir.2001). A showing of deliberate indifference with regard to medical treatment requires the inmate to submit evidence that prison officials " 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs.' " *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001) (citation omitted). Plaintiff's complaint is that his former custodians canceled a medical appointment. He does not allege, nor can it be imagined, that this action was based upon any malevolent intent.

Further, in order to allege a violation of the Eighth Amendment, plaintiff must not only demonstrate deliberate indifference on the part of the defendants, but he must also demonstrate that the deliberate indifference resulted in substantial harm. *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006). Plaintiff has not identified any "substantial harm" that has befallen him as a result of the defendants' actions. At worst, his appointment will have been delayed for some

unspecified period of time. He thus cannot demonstrate the level of harm or injury needed to prevail in this suit.

## Conclusion and Recommendation

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Monroe, Louisiana, December 9, 2013.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE